UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:08CV1246 CDP |
| MICHAEL J. HUFFMAN, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for default judgment against defendants Huffman, Inc., LLC, Michael J. Huffman, and Sherry J. Huffman under Federal Rule of Civil Procedure 55(b). Plaintiff previously obtained a Clerks's Entry of Default on January 23, 2009.

This is an action based on an indemnity agreement. Huffman, Inc., LLC, Michael J. Huffman, and Sherry J. Huffman (the Indemnitors) are parties to an indemnity agreement to which plaintiff is a surety. The Indemintors are also subject to an Indemnity Repayment Agreement with plaintiff. The Indemnitors have failed to reimburse and indemnify plaintiff in accordance with their obligations under both agreements. Plaintiff filed its complaint on August 26, 2008 and defendants Huffman, Inc., LLC, Michael J. Huffman, and Sherry J. Huffman were served with the complaint on or about October 17, 2008, although

the exact date is unknown.  On November 5, 2008, counsel Vincent Vogler entered an appearance on behalf of these three defendants and requested ten additional days to respond to the complaint, but he never filed any responsive pleading.  Thus, defendants Huffman, Inc., LLC, Michael J. Huffman, and Sherry J. Huffman have failed to file and answer or otherwise respond to plaintiff's complaint.

It appears that plaintiff is entitled to a default judgment against Huffman, Inc., LLC, Michael J. Huffman, and Sherry J. Huffman.   However, while the complaint alleges a net loss, plaintiff has not provided proof of damages as against these defendants.  Where damages are uncertain, the facts alleged in the complaint are taken as true, except the amount alleged as damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  These damages may be proven at a supplemental hearing.  *Id*.  After the amount of damages has been established against these defendants, I may enter a default judgment against them. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

I will set a hearing to give plaintiff an opportunity to prove up its damages as to the defaulting defendants.  As the case is ready for a Rule 16 conference with regard to plaintiff's claim against the remaining defendant, I will combine the hearing with the Rule 16 conference.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's pending motion for default judgment against defendants Huffman, Inc., LLC, Michael J. Huffman, and Sherry J. Huffman will be set for hearing on **Friday, March 27, 2009 at 10:00 a.m.** in **Courtroom 14 South** so that plaintiff may prove its damages against these defendants. The Rule 16 conference is set for the same time by separate order, and will also be held in the courtroom.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2009.